**ESTATE OF Elsie R. ELLIS by Thomas CLARK, Personal Representative, Appellant,**

v.

**Cecil HOES, Angela Mills and Sonja Carter, Appellees.**

No. 94–CV–1623.

District of Columbia Court of Appeals.

Submitted April 16, 1996.

Decided May 23, 1996.

Morris R. Battino, Washington, DC, was on the brief for appellant.

Cecil Hoes, pro se, Angela Mills, pro se, and Sonja Carter, pro se.

Before WAGNER, Chief Judge, TERRY, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

This is an appeal from the dismissal of appellant's complaint for possession of realty in the Landlord and Tenant Branch of the Superior Court of the District of Columbia. Appellant, the personal representative of an

---

estate, brought this action to obtain possession of property from relatives of the deceased who concededly were not tenants. We reverse.

 Appellant asserts the relatives occupying the property are "squatters" and that the Landlord and Tenant Branch of the Superior Court may properly grant the remedy of possession. The true nature of appellant's complaint is a common law action in ejectment. Such a cause of action asserts a claim to real property wrongfully in the possession of another. The remedy is a judicial order which ousts the wrongdoer from physical possession in favor of the claimant. 25 Am.Jur.2d *Ejectment* §§ 1 *et seq.* (1996). It is also settled that the Superior Court of the District of Columbia is a court of general jurisdiction, and has the power to adjudicate actions at law or in equity within its jurisdiction. *See Andrade v. Jackson,* 401 A.2d 990, 992 (D.C.1979).

Turning to this case, we observe that provisions of D.C.Code §§ 45–1409 and 16–1501 *et seq.* (1991) provide a remedy for the recovery of possession of real property.[1] Super. Ct. L & T R. 1, in establishing "summary proceedings" for recovery of possession, refers specifically to the Code provisions mentioned here. It is anticipated that the scope of some ejectment actions may involve broad defenses. Thus, Super. Ct. L & T R. 1 and 5 provide, in appropriate instances, that such cases be certified to the Civil Division for trial. In the present circumstances, we conclude that the complaint, as filed, was within the jurisdiction of the Landlord and Tenant Branch, and that it was error to dismiss it.[2]

Accordingly, we reverse the order of dismissal and remand to the trial court.

*So ordered.*

---

1. D.C.Code § 16–1501 (1981) provides in part: When a person detains possession of real property without right, or after his right to possession has ceased, the Superior Court of the District of Columbia, ... may issue a summons ... to determine whether judgment should not be given against [defendant] for restitution of possession.

2. The convergence of the common law, pertinent Code provisions, and Superior Court Landlord and Tenant Rules, in this regard, is generally discussed in *Mendes v. Johnson,* 389 A.2d 781, 783 (D.C.1978) (en banc).